UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| D'ANGELO CARUSO, | } | |
| ON BEHALF OF HIMSELF AND | } | |
| ALL OTHERS SIMILARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| P&B CAPITAL GROUP, LLC, AND | } | |
| CROWN ASSET MANAGEMENT, LLC, | } | |
| | } | |
| Defendants. | } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, D'Angelo Caruso [hereinafter "Caruso"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, P&B Capital Group, LLC ["PBCG"] and Crown Asset Management, LLC ["CAM"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on PBCG and CAM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Caruso is a natural person who resides at 906 Sara Circle, Port Jefferson Station, NY 11776.

6. Caruso is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 21, 2017, PBCG, on behalf of CAM, sent Caruso the letter annexed as Exhibit A. Caruso received and read Exhibit A. For the reasons set forth below, Caruso's receipt and reading of Exhibit A deprived Caruso of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, PBCG, on behalf of CAM, sent Exhibit A to Caruso in an attempt to collect a past due debt due to CAM.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Synchrony Bank for his individual use, allegedly individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, allegedly failing to pay for these charges. PBCG, via Exhibit A, on behalf of CAM, attempted to collect this past due debt from Caruso in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PBCG is a New York Limited Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  PBCG possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, PBCG sets forth that it is attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon PBCG possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PBCG is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, PBCG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. CAM is a Georgia Domestic Limited Liability Company.

16. CAM's business consists of the following:  (1) the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts, and the subsequent hiring of agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted debts from consumers; and (2) the management of portfolios for other firms in the Accounts Receivable Management (ARM) industry.

17. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted debt are able to obtain payment, the payments are made payable to CAM and/or are received on behalf of or for the benefit of

CAM.

18. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), CAM has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that CAM became the owner of the debt from the original creditor.

19. The aforementioned consumers include New York City residents.

20. CAM possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

21. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

22. Based upon Exhibit A and the above allegations, the principal purpose of CAM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, CAM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

24. Exhibit A sets forth a "Current Balance" of $838.45.

25. Upon information and belief, CAM or an entity on its behalf issued work standards, directives, and/or guidelines to PBCG which contained instructions, controls, and rules governing the steps PBCG could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

26. All the actions alleged in this Complaint taken by PBCG were taken by PBCG as the "debt collector" for the "debt collector" CAM.

27. Based on the allegations in the above two paragraphs, CAM is vicariously liable for the actions of PBCG.

28. If on the date of Exhibit A CAM was not accruing interest, late charges, and/or other charges on the "Current Balance" set forth in Exhibit A, then Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance or describing the balance as the "current" balance.

## SECOND CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

30. Exhibit A sets forth a "Current Balance" of $838.45.

31. Upon information and belief, CAM or an entity on its behalf issued work standards, directives, and/or guidelines to PBCG which contained instructions, controls, and rules governing the steps PBCG could and could not take to attempt to collect debts including the

contents of debt collection letters such as Exhibit A.

32. All the actions alleged in this Complaint taken by PBCG were taken by PBCG as the "debt collector" for the "debt collector" CAM.

33. Based on the allegations in the above two paragraphs, CAM is vicariously liable for the actions of PBCG.

34. Upon information and belief, CAM continued to accrue interest, late charges, and/or other charges on the "Current Balance" of $838.45 set forth in Exhibit A.

35. Exhibit A failed to notify Caruso that his "Current Balance" of $838.45 may increase due to the aforementioned accrued interest, late charges, and/or other charges.

36. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e as a result of PBCG sending Exhibit A to Caruso.

**THIRD CAUSE OF ACTION-CLASS CLAIM**

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

38. Upon information and belief, CAM or an entity on its behalf issued work standards, directives, and/or guidelines to PBCG which contained instructions, controls, and rules governing the steps PBCG could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

39. All the actions alleged in this Complaint taken by PBCG were taken by PBCG as the "debt collector" for the "debt collector" CAM.

40. Based on the allegations in the above two paragraphs, CAM is vicariously liable for the actions of PBCG.

41. Exhibit A amounted to a false, deceptive or misleading means in connection with the

collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

43. Upon information and belief, CAM or an entity on its behalf issued work standards, directives, and/or guidelines to PBCG which contained instructions, controls, and rules governing the steps PBCG could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

44. All the actions alleged in this Complaint taken by PBCG were taken by PBCG as the "debt collector" for the "debt collector" CAM.

45. Based on the allegations in the above two paragraphs, CAM is vicariously liable for the actions of PBCG.

46. As a result of PBCG sending Exhibit A to Caruso, Defendants violated 15 USC 1692g.

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

48. The class consist of (a) all natural persons (b) who received a letter from PBCG on behalf of CAM dated between August 21, 2017 and the present, (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

49. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

50. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

51. The predominant common question is whether Defendant's letters violate the FDCPA.

52. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

53. A class action is the superior means of adjudicating this dispute.

54. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff for statutory damages, and costs and attorney's fees, and in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          August 22, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107